[No. 1836. Decided June 25, 1895.]

HENRY RABORN, *Appellant*, v. W. W. MISH, *Treasurer of Snohomish County, et al., Respondents.*

MUNICIPAL CORPORATIONS — ENACTMENT OF ORDINANCES.

The provisions of Code Proc., § 635, prohibiting the passage of ordinances within five days after their introduction, and unless they have first been submitted to the city attorney, applies only to such ordinances and resolutions as are intended to grant franchises for any purpose. (*Vancouver v. Wintler*, 8 Wash. 378, distinguished).

*Appeal from Superior Court, Snohomish County.*

*Bell & Austin*, and *Crowley, Sullivan & Grosscup*, for appellant.

*Alex. Akerman*, for respondents.

The opinion of the court was delivered by

GORDON, J.—This action was brought by the appellant against the respondent, W. W. Mish, as treasurer of Snohomish county, and the city of Everett, a municipal corporation of the third class, situate in that county, to restrain the collection, and to cancel the apparent lien, of taxes which said city attempted to levy for municipal purposes in the year 1893. The ground upon which relief is sought is that the ordinance of said city, under which the tax levy in question was authorized, was passed by the city council on the day of its introduction, and without being first submitted to the city attorney. And it is further contended that the meeting at which said ordinance was passed was not a regular meeting of the council.

Section 4 of the act approved March 9, 1893 (Laws. 1893, p. 158), in so far as concerns the present question, is as follows:

"No ordinance and no resolution granting any franchise for any purpose shall be passed by the city council on the day of its introduction, nor within five days thereafter, nor at any other than a regular meeting, nor without being first submitted to the city attorney."

That much of said section as is above quoted is a re-enactment, without change, of § 116 of the act of March 27, 1890. In giving said last mentioned section its place in Hill's Code (§ 635), the learned annotator inserted a comma after the word "ordinance," which was not contained in the original act, and which is also omitted from the act of 1893.

Learned counsel for the appellant relies for a reversal upon the case of *Vancouver v. Wintler*, 8 Wash. 378 (36 Pac. 278, 685). In that case the sole reference made in the opinion to the law under consideration

was to § 635, *supra*.   But the ordinance under consideration in that case was introduced more than five days prior to its passage.   Hence the case is distinguishable from the present one in that it did not present the question which we are here called upon to decide, and what is said in the opinion in that case concerning this question is clearly *dictum*, in no wise affecting the result, and cannot be considered as authoritative.

We are of the opinion that the provision in question was intended to apply only to ordinances and resolutions granting franchises, and that the language of the section admits of no other construction.   Many good and sufficient reasons might be given for imposing legislative restrictions upon city authorities in the granting of franchises that would not be applicable to their control of the ordinary affairs committed to their discretion.

The judgment will be affirmed.

HOYT, C. J., and SCOTT, ANDERS and DUNBAR, JJ., concur.